JEROME B. WAAS, Respondent, *v.* BENJAMIN F. STEPHENS, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*Malicious prosecution.*—Where defendant, under an arrangement, connected a system of water-pipes with a main of the Brooklyn park commissioners, and the commissioners afterwards withdrew the permission, notified the defendant and directed plaintiff to disconnect the system, for doing which he was criminally arrested by defendant, there was no probable cause for the arrest, in case the plaintiff did the work in a proper manner, so as not to cause any unnecessary injury to the defendant.

Appeal from a judgment entered on the verdict of a jury, in an action for malicious prosecution.

*E. H. Kissam*, for respondent.

*Orlando L. Stewart*, for appellant.

BARNARD, P. J.—The defendant had an arrangement by which he was permitted to connect a system of water pipes with the main under the contract of the Brooklyn Park Commissioners. The permission was at the will of the park commissioners. They withdrew the permission and gave notice thereof to the defendant. The Board of Brooklyn Park Commissioners therefore gave notice to its officer, the plaintiff to disconnect the systems. He did so, and for this was criminally arrested by direction of the defendant.

After a hearing he was discharged. There was no cause for the arrest and none is pretended, except that the cut of the Stephens pipes from the park pipes could have been made in a different manner. This, if true, would show a mere error in judgment and would not justify a criminal arrest.

The defendant had the benefit of the evidence. The jury were told that they could find probable cause for the com-

plaint if the plaintiff was doing his work so as to cause need-
less injury to the defendant's company. If the work was
being done in a proper manner there was no probable cause
for the arrest. The jury have found the cut properly made,
and under such a finding no ordinarily prudent man could
have supposed there was a criminal offense committed by
plaintiff. He was doing a duty under the order of his supe-
riors. They had the right and the power to make the order,
and the plaintiff did the work without needless injury to the
defendant. The case shows no error, and the judgment
should therefore be affirmed, with costs.

All concur.